Majlinda BARDHOCI, Petitioner,

v.

**UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICE,**
Respondent.

No. 04–2649–ag.

United States Court of Appeals,
Second Circuit.

June 28, 2007.

Linda L. Foster, Queens Village, NY, for Petitioner.

Jeffrey A. Taylor, United States Attorney for the District of Columbia, Madelyn E. Johnson, Laura A. Ingersoll, Assistant

United States Attorneys, Washington, D.C., for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. CHESTER J. STRAUB and Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Petitioner Majlinda Bardhoci, a native and citizen of Albania, seeks review of a May 7, 2004 order of the BIA affirming the March 18, 2003 decision of Immigration Judge ("IJ") Barbara A. Nelson denying Bardhoci's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Majlinda Bardhoci,* No. A95 381 199 (B.I.A. May 7, 2004), *aff'g* No. A95 381 199 (Immig. Ct. N.Y. City March 18, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

In this case, the IJ's adverse credibility determination is not supported by substantial evidence. First, the IJ's reliance on an alleged inconsistency in Bardhoci's description of the road she was on during her flight from her kidnapper was improper, because the relevant inconsistency was "non-dramatic" and the IJ failed to put Bardhoci on notice that an explanation for the alleged discrepancy was required. *See Ming Shi Xue v. BIA,* 439 F.3d 111, 125 (2d Cir.2006).

The IJ also concluded that it was "extremely implausible" that on a moonlit night, on a road with some street lamps, Bardhoci would have been able to discern that the driver of a truck going very slowly was not one of her kidnappers. We have explained that we "grant lesser deference to credibility determinations that are based on analysis of testimony as opposed to demeanor," and therefore, where "implausibilities form the basis for the IJ's finding, we will review the record to determine whether ... the testimony was actually implausible." *Kyaw Zwar Tun v. INS,* 445 F.3d 554, 563 (2d Cir.2006). "The point at which a finding that testimony is implausible ceases to be sustainable as reasonable and, instead, is justifiably labeled 'speculation,' in the absence of an IJ's adequate explanation, cannot be located with precision." *Ming Xia Chen v. BIA,* 435 F.3d 141, 145 (2d Cir.2006). However, in this case, we conclude that the IJ's finding was speculative. *Cf. id.* at 146 (concluding that an IJ could properly rely on the following implausibilities, along with other inconsistencies in petitioner's testimony, finding her not credible: First, the IJ "had difficulty believing that the authorities, lacking [petitioner's] address, could quickly locate her in a city of one million people just by looking in a neighborhood where young people live. Second, he had difficulty believing that she could escape from detention just because her jailors

were not paying attention"). The fact that the IJ did not mention Bardhoci's comment that the truck was driving very slowly because the road was very bad reflects a failure to provide a "reasoned evaluation" of Bardhoci's explanation for how she was able to identify the truck driver. *See Cao He Lin,* 428 F.3d at 403 (rejecting an IJ's conclusion that a petitioner's story was implausible because the IJ failed to provide "a reasoned evaluation of [petitioner's] explanations").

The sole remaining basis for the IJ's adverse credibility determination is the fact that Bardhoci failed to provide corroborating affidavits from her family. While an IJ may use an applicant's lack of corroboration to support an adverse credibility finding that also relies on other factors, a "failure to produce any particular documentary support cannot serve as the sole basis of an adverse credibility finding." *Diallo v. INS,* 232 F.3d 279, 290 (2d Cir. 2000). Thus, because we have rejected the other bases for the IJ's credibility finding, Bardhoci's failure to provide the corroborating documents identified by the IJ is an insufficient basis for the IJ's denial of her claim. Before denying a claim solely on the basis of the fact that an applicant has not provided adequate documentation, an IJ must explain (1) why it is reasonable to expect such corroboration, and (2) why the applicant's proffered explanations for the lack of such corroboration are inadequate, *see id.,* in order to provide an applicant with "meaningful notice" so that she has "an opportunity to remedy the supposed evidentiary gap," *Ming Shi Xue,* 439 F.3d at 122.

Because the IJ's adverse credibility determination was not supported by sub-

stantial evidence, we remand for further proceedings consistent with this order. However, as Bardhoci has failed to argue the IJ's denial of CAT relief before this Court, we deem any such argument waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 545 n. 7 (2d Cir. 2005). Moreover, we decline to consider Bardhoci's arguments regarding alleged threats made by the Government towards Bardhoci's husband during the hearing before the IJ because these arguments have not been exhausted at the administrative level. *See* 8 U.S.C. § 1252(d)(1); *see generally Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005). Similarly, we do not consider the new evidence that Bardhoci submits to this Court where the agency has not been given the opportunity to consider such evidence in the first instance. The agency may, of course, consider these new arguments and evidence on remand.

For the foregoing reasons, the petition for review is DENIED in part and GRANTED in part, the decision of the BIA is VACATED in part, and the case is REMANDED to the BIA. Having completed our review, the stay of removal that the Court previously granted in this petition is VACATED.